United States District Court
Southern District of Texas
**ENTERED**
December 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERIES 4 - VIRAGE MASTER, LP, | § § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-4537 |
| VLASAC & SHMARUK, LLC, *et al*, | § § | |
| Defendants. | | |

## ORDER

Before the Court are Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction (the "Application") (Doc. #5), Defendants' Response (Doc. #8), and Plaintiff's Reply (Doc. #10). Having reviewed the parties' arguments and applicable legal authority, the Court denies the Application.

In essence, Plaintiff has brought this action to collect monetary damages resulting from alleged breaches by Defendants of a loan agreement, promissory note, and security agreement. *See* Doc. #5 at 7–9. Now, Plaintiff seeks a temporary restraining order to enjoin Defendants from "transferring, secreting, or in any manner utilizing" certain case proceeds allegedly owed by Defendants to Plaintiff. *Id.* at 14.

"A court may grant a temporary restraining order or preliminary injunction only if the movant shows: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Palacios v. Dep't of Homeland Sec.*, CIV.A. H-

19-3051, 2019 WL 4332066, at *3 (S.D. Tex. Sept. 12, 2019) (internal citations omitted). Regarding the second element, "[i]n general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600–01 (5th Cir. 2011) (holding that the threat of irreparable injury must be "more than mere speculation" and that detailed evidence showing the actual "dissipation of the assets that are the subject of [the] suit" constitutes more than mere speculation); *see also Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 228 (S.D. Tex. 2011) ("Irreparable injury may be shown where a business would suffer a substantial loss of business and perhaps even bankruptcy absent injunctive relief." (internal citations omitted)).

Here, Plaintiff concedes that it ultimately seeks to recover monetary damages in this action. *See* Doc. #5 at 7–9. Furthermore, in its Application, Plaintiff fails to present any specific evidence of the threat of irreparable injury—such as the dissipation of Defendants' assets or substantial loss to Plaintiff's business—and merely speculates as to the reasons Defendants have allegedly breached any contractual obligations. *See id.* at 12; *see also Janvey*, 647 F.3d at 600–01; *Allied Home Mortg. Corp.*, 830 F. Supp. 2d at 228.[1]

For the foregoing reasons, the Application is hereby DENIED.

It is so ORDERED.

DEC 1 9 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[1] Notably, Plaintiff waited almost a month to file its Application for Temporary Restraining Order after this action was removed to this Court.